UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                            Case Number 07-20246

v.                                                          Honorable David M. Lawson

VICTOR DESHAWN HOLMES,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE GUILTY PLEA AND DISMISS CASE

On December 19, 2011, the defendant, Victor Deshawn Holmes, filed a motion *pro se* to vacate his guilty plea and dismiss his case. The defendant relies on Federal Rule of Civil Procedure 60(b) and alleges that the decision in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), compels the relief he requests.

Holmes pleaded guilty on April 28, 2008 to conspiracy to distribute more than five grams of crack cocaine. Holmes had been convicted previously of two felony drug crimes, and therefore he was classified as a career offender according to the United States Sentencing Guideline Manual. *See* USSG § 4B1.1(a). Because he was a career offender, his sentencing guideline range was calculated at 262 to 327 months. Nonetheless, on August 18, 2008, this Court sentenced Holmes to a custody term of 148 months, to be followed by eight years of supervised release. Holmes's conviction and sentence were affirmed on appeal on November 2, 2010.

Holmes's present motion has been docketed by the Clerk as having been filed under 28 U.S.C. § 2255, although Holmes never mentioned that statute in his motion papers. His invocation of Federal Rule of Civil Procedure 60(b) is unavailing because that rule does not apply to criminal

cases. Even if his motion was considered under section 2255, which does apply to federal criminal cases, Holmes is not entitled to relief.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Holmes challenges his status as a career offender. That is a sentencing issue that was discussed on the record at the sentencing hearing in this Court and could have been raised on direct appeal. That claim was not raised as an appeal issue *per se*, although it was identified as a potential issue on appeal in appellate counsel's brief filed under *Anders v. California*, 386 U.S. 738 (1967). A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as

> here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Frady*, 456 U.S. at 164-65; *accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal").

Holmes now argues that he only recently received his court papers, and he just discovered the decision in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), which supports his position. *Pruitt*, however, provides the defendant no help and does not excuse Holmes's failure to pursue the issue on direct appeal.

In *Pruitt*, the probation department prepared a presentence report that characterized Pruitt as a career offender based on two prior felony convictions in North Carolina. After receiving the presentence report, Pruitt filed an objection to the career offender determination. Pruitt asserted that the prior convictions relied upon in the report did not qualify as predicates under USSG § 4B1.1 because those convictions were not for offenses punishable by a term of imprisonment exceeding one year. The district court overruled Pruitt's objection and concluded that the relevant prior offenses of conviction were qualifying predicates. "The district court reasoned that the relevant North Carolina sentencing statute authorized a sentence of up to 15 months imprisonment for Pruitt's prior offenses of conviction, and that Pruitt's particular prior record level at the time of each conviction was irrelevant to the analysis." *Pruitt*, 545 F.3d at 418.

Under North Carolina's structured felony sentencing scheme, the maximum punishment authorized for Pruitt's prior offenses of conviction depended on Pruitt's state law prior record level

at the time of each conviction. In determining whether Pruitt's prior convictions qualified as predicates, the district court did not consider Pruitt's prior record level, but rather considered the maximum sentence allowable for a hypothetical defendant with the worst prior record level. There were record levels, however, that would have precluded Pruitt's maximum term of incarceration from exceeding one year. The court of appeals held that the district court's failure to consider Pruitt's record level at the time he was sentenced in North Carolina constituted procedural error, vacated his sentence, and remanded for resentencing.

The facts of *Pruitt* depart significantly from those in Holmes's case. The maximum possible sentences for Holmes's prior drug crimes did not depend on his prior criminal record. Those prior crimes were all classified as felonies, and there was no objection raised at the sentencing hearing to Holmes's classification as a career offender. In the present case, Holmes argues that the Court officers should have known that his prior offenses did not equate to over one year in imprisonment and that the probation department records were altered by changing the penalty notation for his crimes from "up to 1 year" to "1 to 5 years." In challenging his characterization as a career offender, Holmes attempts to revisit an issue that was explored by the probation department, whose conclusions were accepted by all parties at the sentencing hearing. And that same issue was discussed by the Sixth Circuit in Holmes's direct appeal. In its order affirming the judgment and granting defense counsel's motion to withdraw, the Sixth Circuit stated:

> Holmes's counsel has filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no non-frivolous grounds for appeal. Counsel identifies one potential issue for review — whether the district court erred by applying the career offender enhancement under USSG § 4B1.1 — and concludes that it is frivolous because Holmes qualified as a career offender. Our independent review of the record supports counsel's conclusion and reveals no other arguable issues to raise on appeal. *See Anders*, 386 U.S. at 744.

*United States v. Holmes*, No. 08-2129, slip op. at 2 (6th Cir. Nov. 2, 2010).

The Court finds no merit in the defendant's argument that his guilty plea should be set aside or that his case should be dismissed.

Accordingly, it is **ORDERED** that the defendant's motion to vacate guilty plea and dismiss case [dkt. #373] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 4, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 4, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL