UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                           Case Number 07-20246
                                                   Honorable David M. Lawson

    v.

RAYMOND JOEL JONES,

           Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On April 28, 2008, the defendant, Raymond Joel Jones, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base. Because Mr. Jones previously had been convicted of a felony drug offense, he was sentenced to the statutory minimum of 120 months imprisonment and eight years of supervised release. 21 U.S.C. § 841(b)(1)(B).

Now before the Court is Mr. Jones's motion to reduce his sentence. Mr. Jones's motion describes the educational programs he is enrolled in and has completed and his good behavior while incarcerated. Mr. Jones does not indicate what authority his motion for sentence reduction relies upon; therefore, the Court will interpret his motion as one under 18 U.S.C. § 3582(c) for retroactive application of the more lenient crack cocaine guidelines.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the

extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United State Court of Appeals for the Sixth Circuit has held that a defendant subjected to a statutory mandatory minimum sentence is not eligible for a reduction under section 3582(c)(2) because the guideline amendment does not lower the defendant's applicable guideline range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Subsequently, that court held that the Sentencing Commission's amendment to a sentencing guideline range that does not affect a statutory mandatory minimum sentence will not provide the basis for a subsequent reduction of a sentence under section 3582(c)(2). *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011).

The Court believes that Mr. Jones's motion is governed by the precedent set forth in *Johnson* and *McPherson*. Because Mr. Jones's sentence is based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for sentence reduction [dkt. # 377] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   February 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL