UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATED OF AMERICA,

        Plaintiff,

                                    Case Number 07-20246
v.                                        Honorable David M. Lawson

GARY TRANELL YOUNG,

        Defendant.

_____/

## **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

The defendant, Gary Tranell Young, was convicted upon his plea of guilty of conspiracy to possess with intent to distribute and distribute more than fifty grams of crack cocaine and sentenced to 240 months imprisonment and ten years of supervised release. The defendant was subject to a mandatory minimum sentence of 240 months based on the quantity of crack cocaine and his previous felony drug conviction. 21 U.S.C. § 841(b)(1)(B) (2006). Later, the Court reduced his sentence to 168 months on the government's motion under Federal Rule of Criminal Procedure 35(b). The defendant then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied on March 27, 2012. On April 9, 2012, the defendant appealed the order denying his § 2255 motion.

Now before the Court is the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced further because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added).

The United State Court of Appeals for the Sixth Circuit has held that a defendant subjected to a statutory mandatory minimum sentence is not eligible for a sentence reduction under section 3582(c)(2) because the guideline amendment does not lower the defendant's applicable guideline range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Subsequently, that court held that the Sentencing Commission's amendment to a sentencing guideline range that does not affect a statutory mandatory minimum sentence will not provide the basis for a subsequent reduction of a sentence under section 3582(c)(2). *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011).

The Court believes that the defendant's motion is governed by the precedent set forth in *Johnson* and *McPhearson*. Because the defendant's sentence is based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [dkt. #398] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 20, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL