UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number 07-20246
                                          Honorable David M. Lawson
v.

MANUEL ISAAC BROOKS,

        Defendant.
_____/

## **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

      The matter is before the Court on the defendant's motion for reduction of sentence. The defendant asks the Court to retroactively apply the Fair Sentencing Act's reduced crack cocaine-to-powder cocaine sentencing ratio. The defendant was convicted by a jury of conspiracy to possess with intent to distribute and to distribute more than five grams, but less than 50 grams of cocaine base; maintaining a drug-involved premises; and possessing a firearm in furtherance of a drug trafficking crime. On November 17, 2008, the Court sentenced the defendant to 60 months each on the conspiracy and maintaining a drug house convictions, to be served concurrently, and 60 months on the gun possession charge to be served consecutively to the other sentences.

      The Fair Sentencing Act, which was signed into law on August 3, 2010, raised the triggering amounts of crack cocaine for mandatory minimum sentences. Conforming amendments to the United States Sentencing Guidelines became effective initially on November 1, 2010, and "[a] permanent version of those Guidelines amendments took effect on November 1, 2011." *Dorsey v. United States*, --- U.S. ---, 132 S. Ct. 2321, 2329 (2012). The Act raised the triggering amount that would apply to the defendant's offense of conviction from five grams to 28 grams. *See* Fair

Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010); 21 U.S.C. § 841(b)(1)(B). As the defendant points out in his motion, he was held responsible for 11.412 grams of cocaine base. Sentencing Tr. [dkt. #330] at 18. Therefore, if he were sentenced today, the defendant would not be subject to the mandatory minimum sentence of 60 months that applied at his sentencing.

However, "[t]he Fair Sentencing Act does not . . . apply retroactively to defendants who were sentenced prior to August 3, 2010." *United States v. Stanley*, No. 11-4423, 2012 WL 4014932, at *2 (6th Cir. Sept. 13, 2012). As the Sixth Circuit explained in *Stanley*:

> In the case of new statutory penalties, the general savings statute, 1 U.S.C. § 109, requires that [federal district courts] apply the penalties in place at the time the offender "commits the underlying conduct that makes the offender liable," unless the new penalties expressly or impliedly provide for their retroactive application. *Dorsey v. United States*, --- U.S. ---, 132 S. Ct. 2321, 2331-32 (2012). Although the FSA does not contain an express retroactivity statement, the Supreme Court recently determined that Congress intended some retroactive application of the FSA. *Id.* at 2335. *Dorsey* held that the FSA's more lenient mandatory-minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but who are sentenced after that date. *Id.* The decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010. In fact, the Court explained that the normal practice of . . . federal sentencing is "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id.*

*Stanley*, 2012 WL 4014932, at *3. Brooks was sentenced on November 17, 2008; therefore, the FSA does not apply to him. *Id.* at *2.

The defendant also argues that he is entitled to resentencing because the evidence was insufficient to support the jury's verdict on the conspiracy and gun possession charges. The petitioner raised these same claims in his direct appeal challenging his conviction and sentence. The Sixth Circuit denied that appeal, finding that the arguments lacked merit [dkt. #354]. This Court is bound by the ruling of the court of appeals.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence [dkt. #427] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 12, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---